PAVLIC, APPELLANT, *v.* GARLAND FLOOR CO. ET AL., APPELLEES.

(No. 11347—Decided March 1, 1984.)

*Mr. John P. Quinn, Jr.,* for appellant.

*Mr. James A. Lowe,* for appellee Garland Floor Co.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Howard M. Sanders,* for appellee Ohio Bureau of Employment Services.

QUILLIN, P.J. Claimant-appellant, Vincent S. Pavlic, appealed to the court of common pleas from an administrative order denying him unemployment benefits. The trial court dismissed the appeal for the reason the claimant failed to timely notify the administrative board of the appeal and as a consequence thereof, the record of testimony was destroyed by the board. We affirm.

On June 9, 1982, the Board of Review denied claimant's application for unemployment benefits. On July 7, 1982, claimant filed a notice of appeal with the court of common pleas, but did not mail a copy of the notice of appeal to the board as required by R.C. 4141.28 (O). Because the board had not received a copy of the notice of appeal, the board did not file with the court a transcript of the record or proceedings nor did the board mail a copy of the transcript to appellant's attorney.

Even though the trial court had no transcript, it ruled that the decision of the board was against the weight of the evidence and vacated the order of the board.

On appeal, we ruled that the trial court could not reverse on the weight of the evidence without having a transcript before it. The cause was remanded to the trial court. *Pavlic* v. *Garland Floor Co.* (Feb. 9, 1983), Summit App. No. 10816, unreported.

On March 2, 1983, claimant filed with the trial court an amended notice of appeal and mailed a copy to the board. The board on April 4, 1983, filed in court the transcript of the record of proceedings. However, by this time the audio tape of the evidentiary hearing had been erased pursuant to the practice of the board of erasing such tapes six months after the expiration of the time for an appeal to court if no notice of appeal has been received by the board.

The trial court then dismissed the appeal because it was impossible for the claimant to demonstrate error.

R.C. 4141.28(O) provides in part:

"* * *Such filing [with the court] shall be the only act required to perfect the appeal and vest jurisdiction in the court. Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the court deems appropriate, which may include dismissal of the appeal.* * *"

The court was justified in finding that the lack of a record was the fault of

the claimant and that a dismissal of the appeal was appropriate.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY and GEORGE, JJ., concur.